UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITIBANK SOUTH DAKOTA, N.A., ) | |
| ) | NO.   CV-05-0212-LRS |
| Plaintiff, ) | |
| ) | |
| -vs- ) | **ORDER OF REMAND** |
| ) | |
| JANET L. RUTHERFORD, ) | |
| ) | |
| Defendant. ) | |

Before the court is Plaintiff's Motion to Remand and For Costs on Grounds of Defective Removal and Lack of Federal Question (Ct. Rec. 3)[1], filed August 9, 2005, and noted without oral argument. Plaintiff requests that this action be remanded to the Chelan Superior Court and that the removing Defendant be required to pay all of Plaintiff's costs, including attorney fees incurred by reason of the removal proceedings.

#### I. BACKGROUND

On February 26, 2005, Plaintiff Citibank South Dakota, N.A. served a summons and complaint upon Defendant Janet L. Rutherford. Ct. Rec. 3, at 2. The action was commenced in Superior Court for Chelan County, Case No. 05-2-00541-1. Defendant, appearing *pro se*, served her answer and counterclaim on March 18, 2005 and filed the same with the Superior Court on July 12, 2005.  On June 9, 2005, Plaintiff noted a Motion for Summary

---

[1] Defendant combined her motion and memorandum into a single court document.

**ORDER OF REMAND** - 1

Judgment in the state court action and mailed a copy of the Note for Motion Docket to Defendant. Id. Plaintiff's Motion for Summary Judgment was noted for hearing on July 29, 2005 before Judge Small. Id. Plaintiff requested an order of summary judgment against Defendant in the sum of $6,475.26 together with interest at the rate of 29.24% per annum, Plaintiff's costs and a reasonable attorney's fee. Ct. Rec. 1, at 24.

On July 13, 2005, Defendant filed a "Notice Federal Removal to Eastern District Court at Yakima Pursuant to 28 U.S.C. §1441(b)," seeking to remove the action based on a federal question stemming from her asserted defenses and counterclaims involving alleged violations of federal statutes, i.e., Truth in Lending Act, various federal consumer protection statutes, RICO, federal Law and Banking Regulations, and federal Arbitration Act (Title 9 U.S.C. §§ 1-16. Ct. Rec. 1.

## II. DISCUSSION

### A. Legal Standard

When a case is removed from state court, a district court must remand the case if it determines that it lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). There is a "strong presumption" against removal, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992), and any uncertainties are to be resolved in favor of remand, *see Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988). Defendants bear the burden of proving, by a preponderance of evidence, actual facts sufficient to support jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir.1996). If the complaint does not already disclose a sufficient basis for jurisdiction, such facts must appear in the notice of removal. *Schroeder v. Trans World Airlines, Inc.*,

702 F.2d 189, 191 (9th Cir.1983). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214, (1941)).

**B. Jurisdiction**

United States District Courts are courts of limited jurisdiction. Under 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States. . . " 28 U.S.C. §1441(a). Because §1441 allows removal of actions only within the federal court's original jurisdiction, the first question for consideration is whether this court has original jurisdiction.

Defendant bases her removal of this action on 28 U.S.C. §1441(b)[2]. Ct. Rec. 1. Under 28 U.S.C. § 1441(b), the removal statute, any civil action "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of

---

[2] (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b).

**ORDER OF REMAND** - 3

the United States shall be removable without regard to the citizenship or residence of the parties." So the question becomes whether the action as originally brought would have been within the District Court's federal-question jurisdiction, see 28 U.S.C. § 1331, if it had been filed in a federal district court in the first place. The court finds the federal question arises not on the face of the complaint but by way of defense, which cannot serve as the basis for a district court's "arising under" jurisdiction.

Plaintiff asserts that the court does not have original jurisdiction and its complaint lacked a federal question. Ct. Rec. 3, at 4. Plaintiff also argues that the presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule. Id. In other words, Plaintiff argues that this case may not be removed to federal court on the basis of a federal defense. Id. at 5. Plaintiff summarizes that its complaint does not raise any claim arising under federal law. Id. Even if diversity were alleged and found to exist in this case, Plaintiff adds that the amount in controversy is well below $75,000, which minimum amount is required pursuant to 28 U.S.C. §1332(a). Id. at 5-6. The Plaintiff is seeking judgment against Defendant for $6,475.26 with interest, costs, and a reasonable attorney's fee. Id. at 6.

Defendant seeks to remove this case to the federal forum based on federal laws asserted in her answer/counterclaim, as well as her more detailed "Notice Federal Removal To Eastern District Court at Yakima Pursuant to 28 U.S.C. §1441(b)." Ct. Rec. 1. The court agrees with Plaintiff that the well-pleaded-complaint rule does not allow a

**ORDER OF REMAND** - 4

counterclaim to serve as the basis for a district court's "arising under" jurisdiction. *See The Holmes Group, Inc. V. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320,327 (5th Cir.1998) citing *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918). The court finds federal question absent in this removal case.

**C. Timeliness of Removal**

Plaintiff additionally asserts that this removal is defective based upon procedural grounds as well, and more particularly under 28 U.S.C. §1446(b). Ct. Rec. 3, at 3-4. Plaintiff urges that the thirty-day time limit is mandatory and Defendant failed to remove the Chelan County Superior Court case on or before March 28, 2005.[3]

Section 1446(b) provides that the notice of removal must be filed within 30 days of service of the original complaint or any subsequent pleading or other paper from which it first became apparent that the action was removable. Defendant did not attempt to remove this case until July 13, 2005, therefore, the court must remand this case back to Chelan County Superior Court.

**D. Plaintiff's Request For Fees**

Plaintiff seeks an award of fees under 28 U.S.C. §1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff argues that under Washington case law (citations omitted), courts hold *pro se* litigants to the same standard

---

[3] Defendant was served with the summons and complaint for the Chelan County Superior Court case on February 26, 2005.

**ORDER OF REMAND** - 5

as attorneys and neglect is likewise not excusable. Ct. Rec. 3, at 7. Plaintiff adds that removal in this case was sought for improper purposes, i.e. harassment, delay. Id. at 7.

Such an award is within the court's discretion. See *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir.1992). Because the court has found that removal was improper, it has the discretion to award fees. The Court declines, however, to award fees in this case. Defendant has made a good faith argument, although not based on sound legal grounds, that she intended to seek disposition of the state court action on the merits in this court. It is also conceivable that Defendant could deduce that this case arises under 15 U.S.C. 1643 of the Truth in Lending Act. That conclusion, of course, is erroneous.[4]

### III.  CONCLUSION

The court finds that Defendant failed to comply with 28 U.S.C. §1446(b) and that Defendant has not met the burden of proving actual facts sufficient to support jurisdiction. The court concludes it could not exercise jurisdiction under § 1441 because there is no indication from the pleadings that the state action contains any federal questions.

---

[4]The court notes that although Plaintiff states that its complaint does not contain reference to a federal question, its "Legal Authority" section of its summary judgment motion filed in state court on June 13, 2005 leads off with the statement: "Pursuant to Federal Law, the use of a credit card constitutes acceptance of the terms of the credit card agreement."

**ORDER OF REMAND** - 6

1  In light of the above, this court lacks jurisdiction over this matter,
2  and it shall be remanded to Chelan County Superior Court. Accordingly,
3  **IT IS ORDERED** that:
4  1. Plaintiff's Motion To Remand and For Costs on Grounds of
5  Defective Removal and Lack of Federal Question, Ct. Rec. 3, filed August
6  9, 2005 is **GRANTED in part and DENIED in part.**
7  2. All other pending motion(s) are **DENIED as MOOT**.
8  3. The above-entitled action is remanded to the Superior Court of
9  Chelan County, Washington.
10 4. Each party shall bear its own fees and costs in connection with
11 this removal.
12 The District Court Executive is directed to file this Order and
13 provide copies to counsel of record.
14 **DATED** this 13th day of September, 2005.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

**ORDER OF REMAND** - 7